# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID LEE FARRIS,

        Defendant-Appellant.

UNPUBLISHED
June 7, 2018

No. 337821
Macomb Circuit Court
LC No. 2014-000433-FC

---

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's order denying resentencing following a *Crosby*[1] remand. Following a jury trial, defendant was convicted of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*). Defendant was sentenced, as a fourth habitual offender, to 60 to 120 years' imprisonment for his three CSC-I convictions. In his first appeal to this Court, this Court affirmed defendant's convictions, but remanded to the trial court for a *Crosby* hearing after determining that impermissible judicial fact-finding affected his minimum sentence guideline range. *People v Farris*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2016 (Docket No. 324324), p 23. On remand, the trial court issued an order denying resentencing, concluding that it would not have imposed a materially different sentence absent the unconstitutional restraint on its sentencing discretion. We affirm.

The thrust of defendant's arguments on appeal are that following remand from this Court, defendant's case was before the trial court in a "presentence posture" and that the trial court should have reevaluated its assessment of points for offense variable (OV) 1 and OV 3. We disagree.

As an initial matter, we observe that defendant did not raise these arguments in his brief in support of resentencing in the trial court.[2] Therefore, we review defendant's unpreserved

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] In his brief in the trial court, defendant challenged the reasonableness of his sentence and urged the trial court to review his sentence against the factors set forth in 18 USC 3553(a). Defendant has not reiterated these arguments on appeal to this Court. Notably, in *People v Steanhouse*, 500

arguments for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To the extent that the prosecution contends that the law of the case doctrine precluded the trial court's reconsideration of its assessment of points for OV 1 and OV 3, "[w]hether the law of the case doctrine applies is a question of law that [this Court] review[s] de novo." *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013).

Defendant's argument that the *Crosby* remand from this Court placed this case in a "presentence position" in the trial court is inconsistent with recent authority from both the Michigan Supreme Court and this Court. For example, in *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017), the Michigan Supreme Court recognized, with respect to *Crosby* remands, that "[t]his Court adopted the *Crosby* remand procedure for a very specific purpose: determining whether trial courts that had sentenced defendants under the mandatory sentencing guidelines had their discretion impermissibly constrained by those guidelines." Similarly, in *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016), this Court articulated the distinction between a defendant's evidentiary challenge to the assessment of points for pertinent OVs and a defendant's constitutional challenge to the trial court's impermissible judicial fact-finding with respect to the same OVs.

> Each of defendant's challenges has its own distinct remedy. With respect to the evidentiary challenge, if the trial court clearly erred by finding that a preponderance of the evidence supported one or more of the OV scores or otherwise erred by applying the facts to the OVs, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), and if the scoring error resulted in an alteration of the minimum sentence range, he would be entitled to resentencing, *People v. Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006). On the other hand, a *Crosby* remand under [*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)] is not the same remedy as remanding a case for resentencing because of an error in applying the guidelines.

*   *   *

> Accordingly, a *Crosby* remand results in *the possibility* of resentencing, whereas, in the context of a successful evidentiary challenge, resentencing is actually ordered by the appellate court. Of course, post-*Lockridge*, any resentencing will have to be conducted pursuant to the principles enunciated in *Lockridge*, primarily the directive that the guidelines are now advisory only. *Lockridge*, 498 Mich at 365. When this Court is presented with an evidentiary and a constitutional challenge regarding the scoring of the guidelines, the evidentiary challenge must initially be entertained, because if it has merit and requires resentencing, the constitutional or *Lockridge* challenge becomes moot—a defendant will receive the protections of *Lockridge* when he or she is resentenced.

---

Mich 453, 460, 471-472; 902 NW2d 327 (2017), the Michigan Supreme Court expressly declined to "import the approach to reasonableness review used by the federal courts, including the factors listed in 18 USC 3553(a), into [this state's] jurisprudence."

And if an evidentiary challenge does not succeed, then and only then should we entertain the constitutional challenge. Therefore, we disagree with any assertion that defendant's evidentiary challenge need not be reached because his constitutional challenge under *Lockridge* is worthy of a *Crosby* remand. [*Biddles*, 316 Mich App at 156-158 (footnotes omitted; emphasis in original).]

Both *Steanhouse* and *Biddles* are consistent with the Michigan Supreme Court's quotation of *Crosby* in *Lockridge*, where the *Lockridge* Court recognized that a remand pursuant to *Crosby* is "not for the purpose of a required resentencing, but only *for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence. . . .*" *Lockridge*, 498 Mich at 396, quoting *Crosby*, 397 F3d at 117 (emphasis in original).

Defendant relies on *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007) in support of his argument that the trial court on remand ought to have reconsidered its assessment of points for OV 1 and OV 3. In *Rosenberg*, a case where the defendant challenged a $25,000 fine as part of his sentence, the Michigan Supreme Court stated that once the Court of Appeals remanded to the trial court for resentencing, "the case was before the trial court in a presentence posture, allowing for objection to any part of the new sentence." However, *Rosenberg* is clearly distinguishable from this case, given that this Court and the Michigan Supreme Court have clarified that a *Crosby* remand is made for the limited purpose of allowing the trial court to determine if it "would have imposed a materially different sentence but for the unconstitutional constraint [on its sentencing discretion in violation of the Sixth Amendment][.]" *Lockridge*, 498 Mich at 398.

We also agree with the prosecution's contention that the trial court was not permitted to reconsider the assessment of points for OV 1 and OV 3 because doing so would (1) violate the law of the case doctrine and (2) result in the trial court acting outside of the scope of this Court's remand instructions. "Generally, the law of the case doctrine provides that an appellate court's decision will bind a trial court on remand and the appellate court in subsequent appeals." *Duncan*, 300 Mich App at 188-189 (quotation marks omitted). In resolving defendant's prior appeal, this Court concluded that the trial court correctly assessed five points for OV 1 and OV 3 respectively. *Farris*, unpub op at 20. Regarding OV 1, this Court reasoned:

First, defendant contends that the trial court erred in scoring OV 1 at five points because no pistol was involved, and the victim was not certain that defendant took the object that resembled a gun to the basement where the alleged assault occurred, five [sic] points are assigned if "[a] weapon was displayed or implied." MCL 777.31(1)(e). MCL 77.31(2)(c) instructs the court to "[s]core 5 points if an offender used an object to suggest the presence of a weapon." The victim testified that defendant entered her room carrying what appeared to be a gun, held the object that resembled a gun to the victim's head, and told her to shut up. Defendant then took the victim to the basement, where the assault occurred. Although the object was actually a lighter, defendant implied that it was a weapon when he held it to the victim's head. Moreover, even if defendant did not bring the object with him to the basement, he obtained the victim's compliance in going

to the basement through the implication of the weapon. Therefore, the trial court did not err in assigning five points for OV 1. [*Farris*, unpub op at 20.]

Similarly, regarding OV 3, this Court stated:

> Next, defendant contends that the trial court improperly assessed five points for OV 3 because the SANE nurse testified that the victim had no visible injuries and tenderness is not a bodily injury. Under OV 3, five points are assessed if "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1)(e). Although [the SANE nurse] testified that the victim did not have any injuries to her lips, the victim testified that she had cuts on her lip and [the police officer] observed cuts on the inside of the victim's lip. Therefore, the trial court did not err in assigning five points for OV 3. [*Farris*, unpub op at 20.]

Therefore, where this Court clearly decided defendant's evidentiary challenges to OVs 1 and 3 in the prior appeal, on remand the trial court was bound by this Court's ruling and was not permitted to alter its prior assessment of points for OV 1 and OV 3. *Duncan*, 300 Mich App at 188-189.

Additionally, the scope of the remand instructions from this Court would not permit the trial court to reconsider the assessment of points for OV 1 and OV 3. "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the [remand] order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). As we have previously observed, this Court concluded that the trial court properly assessed five points for both OV 1 and OV 3 respectively. *Farris*, unpub op at 20. Conversely, this Court ordered the *Crosby* remand for the limited and specific purpose of allowing the trial court to determine if it "would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich at 397. The trial court adhered to this Court's remand order and determined that it would not have done so. Accordingly, we discern no error in the trial court's ruling on remand and defendant's assertions on appeal to the contrary are unavailing.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood